UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE CLOUTIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| v. | ) 15-12780-FDS |
| | ) |
| CITY OF LOWELL; | ) |
| BERNARD F. LYNCH, in his official and | ) |
| individual capacities; | ) |
| CHRISTINE P. O'CONNOR, in her | ) |
| official and individual capacities; | ) |
| KAREN A. GAGNON, in her official and | ) |
| individual capacities, | ) |
| | ) |
| Defendants. | ) |

ORDER ON DEFENDANT'S MOTION FOR
PAYMENT OF EXPERT DEPOSITION FEES

**SAYLOR, J.**

This is a case involving, among other things, alleged retaliation on the basis of disability. Pending before the Court is defendant City of Lowell's motion for payment of expert deposition fees.

On July 15, 2016, the City noticed its intent to call an expert witness to testify concerning plaintiff's medical condition. (Docket No. 169). Thereafter, plaintiff sought to depose the medical expert identified by the City, Dr. Ryan Searle. On December 5, 2016, plaintiff conducted a deposition of Dr. Searle commencing at 9:50 a.m., and ending at 4:16 p.m. (Def. Mem. in Supp. of Mot. for Payment, Docket No. 372 at 2). The City now seeks reimbursement for payment of Dr. Searle's fee for time spent in that deposition. In conjunction with the motion, the City has submitted an invoice from Dr. Searle charging for 9.3 hours of time (6.3 hours at

attend the deposition, and 3 hours for travel to and from the deposition) at a rate of $200 per hour, for a total charge of $1,860.  (Docket No. 372-2).

Fed. R. Civ. P. 26(b)(4)(E) provides that "[u]nless manifest injustice would result, (i) the court must require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery."  Plaintiff contends that she should not be required to pay Dr. Searle's expert fee because his testimony would be inadmissible at trial under Fed. R. Evid. 702.  However, Fed. R. Civ. P. 26(b)(4) governs procedures for expert *discovery*.  Whether or not the expert testimony is ultimately used at a later stage of the proceedings because it is excluded under Fed. R. Evid. 702 or for any other reason, does not determine who should bear the cost for expert discovery.  *See*, *e.g.*, *Brown v. Butler,* 30 F. App'x 870, 876 (10th Cir. 2002) (finding that the argument that a party should not be required to pay a fee for an expert's time because the expert was ultimately not called to testify at trial "borders on the specious").  The plain language of Fed. R. Civ. P. 26(b)(4)(E) puts the onus on the "party seeking discovery" to pay the expert fee—here, the plaintiff.  Plaintiff has not shown any reason why manifest injustice would result from granting the motion.  Dr. Searle's rate and fee otherwise appear reasonable.

Accordingly, the motion for payment of expert costs is GRANTED.

**So Ordered.**

Dated:  July 18, 2017

/s/  F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge