**Exhibit B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE CLOUTIER,<br>          Plaintiff,<br><br>v.<br><br>CITY OF LOWELL, BERNARD F. LYNCH, in his official and individual capacities, CHRISTINE P. O'CONNOR, in her official and individual capacities, MARY M. CALLERY, in her official and individual capacities, KAREN A. GAGNON, in her official and individual capacities, VICTORIA B. WOODLEY, in her official and individual capacities, SUSAN FOUGSTEDT, in her official and individual capacities, SARAH E. GILBERT, in her official and individual capacities, ROBERT SPARKS, individually and as President of Absolute Investigations, Inc. and ABSOLUTE INVESTIGATIONS, INC. and DOES 1-10.<br>          Defendants. | C.A. No. 1:15-cv-12780-FDS |

## AFFIDAVIT OF N. GEORGE KASPARYAN, M.D., Ph.D

I, N. George Kasparayan, M.D., Ph.D, an adult over the age of eighteen years, state the following on personal knowledge and would testify consistently with the statements below if called at trial:

1. I am an orthopedic surgeon at the Lahey Hospital and Medical Center in Burlington, MA. I specialize in upper extremity orthopedic injuries.

2. On February 23, 2018, the legal team at Lahey approached me with an affidavit to sign concerning my former patient, Diane Cloutier. I signed the affidavit because I saw my office stamp which appeared to be consistent with the stamp that I use. However, I did not recognize my signature and could not recall ever having filled out the form or discussed the return to work status with the patient. I have no memory of doing so and my usual practice in return to work is to have a personal dicsussion with the patient that they are satisfied in a return to work status and are ready to move forward with that. I have no medical record or recollection that that was accomplished and therefore this return to work note would be inconsistent with my practice.

1

3.      My recollection is that the last work restriction note that I ever provided for Ms. Cloutier was dated October 2, 2013, the last date I ever saw Ms. Cloutier, spoke to her, or had any contact with her.

4.      Ms. Cloutier's medical history under my care was as follows: Ms. Cloutier was originally referred to me by my colleague, Dr. Jessica Flynn. I saw Ms. Cloutier on April 1, 2013 and provided the attached "light duty" note that appears at Exhibit A. The note says "continue same restrictions." My colleague had already provided work restrictions to Ms. Cloutier in connection with her shoulder injury. At that appointment, I strongly recommended that Ms. Cloutier continue in physical therapy. My chart note indicating as such is attached hereto at Exhibit B.

5.      I did not render any additional treatment to Ms. Cloutier until September 12, 2013. On that date, I saw Ms. Cloutier in my office. I ordered an MRI of her right shoulder, and excused her from work for an undetermined period of time to be reevaluated after an MRI. Attached at Exhibit C is the out-of-work note that I provided to her.

6.      Ms. Cloutier had an MRI on September 28, 2013. The MRI revealed mild thickening and edema signal within the suprasinatus tendon compatible with tendinopathy as well as a minute partial articular surface tear of the infraspinatus. The MRI report is attached hereto at Exhibit D.

7.      I saw Ms. Cloutier again on October 2, 2013. At that time, I released her to return to work on "light duty" as of October 7, 2013. I allowed her to return to work with the same work restrictions that previously been in place prior to Ms. Cloutier's returning to work. My return to work note is attached hereto at Exhibit E.

8.      I did not see Ms. Cloutier in my office after October 2, 2013.

9.      It is my understanding that on or around October 10, 2013, the City of Lowell came into possession of my unsigned, preliminary chart note pertaining to Ms. Cloutier's visit on October 2, 2013. My unsigned preliminary chart note is attached hereto at Exhibit F. I do not know how the City of Lowell obtained this chart note as it should not be released before it is finalized.

10.     In or around April 2014, Ms. Cloutier's attorney contacted me with regard to an upcoming legal proceeding pertaining to Ms. Cloutier. In lieu of appearance at that hearing, I provided the letter attached hereto. See Exhibit G.

Signed under the pains and penalties of perjury this 2nd day of March, 2018.

N. George Kasparayan

2

# Exhibit G



**Lahey Hospital & Medical Center**

Orthopaedic Surgery   41 Mall Road, Burlington, MA 01805   781.744.8650 P   781.744.5345 F   Lahey.org

Department of Orthopaedic Surgery
41 Mall Road
Burlington, Massachusetts 01805
Tel: 781.744.8650
FAX: 781.744.5848

1 Essex Center Drive
Peabody, MA 01960
Tel: 978-538-4267
FAX: 978-538-4706

16 Hayden Avenue
Lexington, MA 02421
Tel: 781-372-7020
FAX: 781-372-7009

N. George Kasparyan, M.D., PhD
  *Chairman*
Richard M. Wilk, M.D.
  *Vice-Chairman*
Mark J. Lemos, M.D.
  *Vice-Chairman*

**Orthopaedic Surgery**
Paul M. Smiley, M.D.
Michael S. Thompson, M.D.
John F. Tilzey, M.D., Ph.D.
Brian J. Jolley, M.D.
Lawrence M. Specht, M.D.
Joshua A. Baumfeld, M.D.
Andrew J. Marcantonio, D.O.
Margaret Lobo, M.D.
Jessica A. Flynn, M.D.
Michael Kain, M.D.

**Hand Surgery**
Alice A. Hunter, M.D
Steven W. Margles, M.D.
Eric T. Tolo, M.D.
Maximillian Soong, M.D.

**Podiatry**
Dennis A. Tuck, D.P.M.
R. Louis Rotondo, D.P.M

April 23, 2014

RE:   Diane Cloutier

Dear Attorney Sullivan;

Please be advised that Diane Cloutier is a current patient of mine. The purpose of this letter is to clarify that I allowed Ms. Cloutier to return to work performing light duties at her last appointment on 10/2/2013. The patient has no permanent, partial or total disability. She is capable of work in a light duty fashion at this current time.

Sincerely,

N. George Kasparyan, M.D.

NGK/nms

A teaching hospital of Tufts University School of Medicine

CONFIDENTIAL                                                                    CITY PROD 2522